IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **GLENN DAVIS,** | * |
| *Petitioner*, | * |
| v. | *   Case No.: RWT 11cv3161 |
| **JOHN WOLFE,** *et al.,* | * |
| *Respondents*. | * |

## MEMORANDUM OPINION

Respondents filed an Answer to the above-captioned Petition for Writ of Habeas Corpus asserting the claims are unexhausted. *See* ECF No. 4. Petitioner has filed a Reply. *See* ECF No. 6. A hearing in this matter is unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2011); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

### Background

On July 20, 2010, Davis was found guilty on an agreed statement of facts of one count of possession of cocaine with the intent to distribute. *See* Ex. 1, Circuit Court of Maryland Docket Sheet, ECF No. 4-1 at 1. On August 27, 2010, Davis was sentenced to serve ten years in prison. *Id* at 2. On August 31, 2010, a notice of appeal was filed in the Court of Special Appeals of Maryland. *See* Ex. 2, Brief of Appellee, ECF No. 4-2. The only issue raised by Davis on appeal

was whether the trial court erred in denying his motion to suppress.[1]  *Id* at 6.  The case was pending in the Court of Special Appeals at the time the Response was filed.[2]  Respondents assert the Petition is subject to dismissal for failure to exhaust state remedies.  *See* ECF No. 4 at 4.

## Standard of Review

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts.  *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it.  "[A] petitioner seeking federal habeas review [must] make more than a perfunctory jaunt through the state court system."  *Picard v. Connor*, 404 U.S. 270, 275 – 76 (1971).  "[H]abeas review in the federal courts will be available only after the state courts have been 'provided a full and fair opportunity to review earlier state court proceedings.'"  *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994) (citing *Whittlesey v. Circuit Court for Baltimore County*, 897 F.2d 143, 145 (4th Cir. 1990)).  When exhaustion of state remedies is raised as a basis for dismissal, Petitioner bears the burden of demonstrating that state remedies have been exhausted.  *See Mallory*, 27 F. 3d at 994.

---

[1] The motion to suppress was based on the defense's assertion that the credibility of the police officer who stopped Petitioner because his license tag was not legible due to the lack of a tag light was undermined by evidence presented to the court by the defense establishing *inter alia* that the light had been recently repaired.  *See* Ex. 2, Brief of Appellee, ECF No. 4-2 at 5 – 8.

[2] There is no indication that a decision has been reached by the appellate court.  Whether the Court of Special Appeals has ruled on Petitioner's direct appeal is not, however, dispositive of the exhaustion issue as Petitioner has other state remedies available upon completion of that level of appellate review.

For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.[3]

## Analysis

Petitioner does not deny his claims have not been exhausted in the state courts; rather, he asserts his claims are raised under 28 U.S.C. §2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

ECF No. 6 at 1.

Petitioner erroneously believes he is entitled to seek redress from this court without exhausting state remedies because his claim was the result of an alleged constitutional violation. *Id*. at 2 – 3.  The requirement for exhaustion of state remedies, however, applies to every claim raised regarding a criminal conviction emanating from the state courts.  The purpose of the exhaustion requirement is to "promote comity between the state and federal systems" by insuring "state courts actually have a meaningful opportunity to oversee their own operations." *Mallory*, 27 F. 3d at 994.

---

[3] To the extent a federal habeas petition is filed before post-conviction remedies are sought in state court, this court will be confined to review of only those claims which have been fully considered by the state courts.  Additionally, only one petition may be filed.

Having failed to establish that he has exhausted applicable state remedies, Petitioner's claims must be dismissed without prejudice. A separate Order follows.

Date: August 7, 2012                                                          /s/
                                                                    ROGER W. TITUS
                                                            UNITED STATES DISTRICT JUDGE